Filed 11/10/25  P. v. Nicholes CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G065050 |
| v. | (Super. Ct. No. 24NF1104) |
| ROBERT HAROLD NICHOLES, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Elizabeth G. Macias, Judge. Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Robert Harold Nicholes appeals from a judgment following a jury trial. After examining the record, his appointed appellate counsel filed a brief setting forth the facts of the case, raising no issues, and asking this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Nicholes has not filed a supplemental brief. After independently reviewing the record, we affirm the judgment.

FACTS

Nicholes has been married to F.N. for about five years. In 2022, he struck her in the face during an argument. A witness called the police, and a protective order was issued against Nicholes as a result.

In 2024, the couple was staying at a motel after being evicted from their residence. They got in an argument and Nicholes hit F.N. in the stomach with a pipe or a towel rod.

The next day, the couple got into another argument while driving. Nicholes punched F.N. in the stomach as she was driving the car and called her "a stupid fucking bitch." F.N. parked the car and tried to get out. A witness heard them fighting inside the car, saw Nicholes put his hands toward F.N.'s shoulders and neck, and called the police. F.N. told the responding officers that Nicholes had choked her, and she showed them bruising on her stomach from the pipe.

Nicholes was charged with domestic battery and violating a protective order, among other allegations. While in jail awaiting trial, he telephoned F.N. nearly 300 times. During several of those calls, F.N. accused Nicholes of choking her, hitting her in the stomach with a metal pole, and shoving his thumbs into her throat. In another call, Nicholes admitted to putting his hands around F.N.'s neck, and he told her to lie at trial.

2

When the prosecution moved to admit eight of those jail calls into evidence, the defense argued they should be suppressed because the prosecution had violated *Brady v. Maryland* (1963) 373 U.S. 83. The trial court found no discovery violation, as the calls were not helpful to the defense, and admitted the calls into evidence.

At trial, F.N. generally denied any violence occurred, explaining she wanted to "salvage [her] marriage." The jury also heard testimony from the individuals who witnessed the couple's 2022 and 2024 altercations and from the responding officers, among others.

The prosecutor used a PowerPoint presentation during his closing argument, which elicited a few objections and a motion for mistrial from the defense. The trial court sustained the defense's objection that the prosecutor had improperly vouched for a witness and told the jury to disregard it. However, the court found the prosecution's PowerPoint presentation did not improperly shift the burden of proof, and it denied the defense's motion for mistrial.

The jury convicted Nicholes on all three counts, and the trial court sentenced him to three years and four months in prison.

DISCUSSION

After examining the record, appointed appellate counsel filed a brief raising no issues but asking this court to independently review the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders, supra*, 386 U.S. 738. This court gave Nicholes 30 days to submit a supplemental brief raising any argument he wished this court to consider. We received no response.

To assist this court with its independent review, Nicholes's appellate counsel identified two issues that might arguably support an appeal: (1) whether the trial court should have excluded his jail calls to F.N.

3

as a remedy for the People's alleged discovery violation; and (2) whether the prosecutor's PowerPoint presentation contained a prejudicial misstatement of the law. Neither issue is arguable. We discern no *Brady* violation, as the calls were not favorable to the defense. (*People v. Verdugo* (2010) 50 Cal.4th 263, 281.) And we see no arguable issue arising from the PowerPoint presentation.

Further, we have reviewed the information counsel provided and have independently examined the record. We found no arguable issues. (*Wende, supra*, 25 Cal.3d 436.)

## DISPOSITION

The judgment is affirmed.

SCOTT, J.

WE CONCUR:

MOORE, ACTING P. J.

SANCHEZ, J.

4